UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

Robert Moltisanti, Jr.,                                                          Case No.: 10-72180-ast
                                                                                                Chapter 7
                Debtor.
-----------------------------------------------------------X
In re:

Wayne H. Wertheim                                                        Case No.: 12-71819-ast
d/b/a Advanced Laser,                                                     Chapter 13

                Debtor.
-----------------------------------------------------------X
In re:

Piero Casalicchio,                                                              Case No.: 12-74991-ast
                                                                                                Chapter 7
                Debtor.
-----------------------------------------------------------X

## **DECISION AND ORDER ON MOTIONS TO AVOID JUDICIAL LIENS**

Pending before the Court are three motions to avoid nonconsensual judicial liens against the above captioned debtors' principal residences. In each case, the debtor is married and co-owns the residence at issue with his non-filing spouse. This Court previously addressed the proper method for determining whether debtors who co-own their residence with a non-filing spouse can avoid judicial liens in *In re Heaney*, 453 B.R. 42, 48-49 (Bankr. E.D.N.Y. 2011). Because such methodology has not been followed, and for the reasons set forth below, the Moltisanti motion is granted in part and denied in part, and the Wertheim motion and the Casalicchio motion are denied in their entirety.

1

**Jurisdiction**

This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(2)(A), (B), (K) and (O), and the Standing Order of Reference in effect in the Eastern District of New York dated August 28, 1986.

**Background**

*Moltisanti Motion*

On August 21, 2012, Robert Moltisanti, Jr. ("Moltisanti"), the debtor in the first above captioned case, filed a motion seeking entry of an order pursuant to 11 U.S.C. § 522(f) to avoid the following judicial liens against his principal residence:  HSBC Bank Nevada NA perfected on January 25, 2010 in the sum of $12,926.87; Discover Bank perfected on November 2, 2009 in the sum of $9,185.89; and Chase Bank USA NA perfected on August 4, 2009 in the sum of $18,188.13 (the "Moltisanti Motion") [10-72180-ast dkt item 14 at ¶ 5].

In his Motion, Moltisanti states that he co-owns his residence as a tenant by the entirety with his non-filing spouse, that the residence has a fair market value of $600,000, and that the residence is subject to a first mortgage held by Wells Fargo Bank with an outstanding balance of approximately $527,000.  Moltisanti Motion at ¶¶ 2-3.  In addition, Moltisanti asserts a homestead exemption pursuant to New York C.P.L.R. § 5206 which provided a $50,000 exemption in 2010, when Moltisanti filed his petition.  Moltisanti Motion at ¶ 9; *see* N.Y. C.P.L.R. § 5206 (McKinney 2010) (amended 2011); *see also see also CFCU Cmty. Credit Union v. Hayward*, 552 F.3d 253, 256 (2d Cir. 2009); *In re Rasmussen*, 2010 WL 2889558, at *2 (Bankr. E.D.N.Y. July 20, 2010).

Applying these figures, the Moltisanti Motion makes the following calculation of net equity in the Moltisanti residence:

| | |
|---|---:|
| Fair market value of residence | 600,000.00 |
| Less first mortgage of Wells Fargo Bank | 527,029.12 |
| Remaining Equity | 72,970.88 |
| 50% equity of debtor | 36,485.44 |
| Less Homestead Exemption | 50,000.00 |
| Net Equity for Judgment Creditors | -0- |

Moltisanti Motion at ¶ 9. Accordingly, Moltisanti seeks to avoid all three judicial liens based on a calculation of no equity in his residence to which the judicial liens attach.

*Wertheim Motion*

On July 25, 2012, Wayne H. Wertheim ("Wertheim"), the debtor in the second above captioned case, filed a motion seeking entry of an order pursuant to § 522(f) to avoid the following judicial liens against his principal residence: Anton Community Newspapers a/k/a Long Island Community Newspapers Inc. ("Anton") docketed with the Clerk of Nassau County on or about July 3, 2007 in the sum of $3,452.97; and Sound Surgical Technologies LLC ("Sound Surgical") docketed with the Clerk of Nassau County on or about October 4, 2011 in the sum of $14,208.77 (the "Wertheim Motion") [12-71819-ast dkt item 22 at ¶¶ 2, 5].

In his Motion, Wertheim states that his residence has a fair market value of $732,200, is subject to a $417,000 first mortgage held by Wells Faro Bank, N.A. recorded on September 13, 2007, and is subject to a home equity line of credit also held by Wells Fargo Bank, N.A. in the amount of $100,000 recorded on September 13, 2007. Wertheim Motion at ¶¶ 7-8, 10. In addition, Wertheim asserts a $150,000 homestead exemption under N.Y. C.P.L.R. § 5206 as in effect when his case was filed in 2012. Wertheim Motion at ¶ 11; *see In re McCarthy*, 2011 WL 5833869, at *2 & n.10 (Bankr. N.D.N.Y. Nov. 18, 2011); *see also In re Heaney*, 453 B.R. 42, 45 & n.4 (Bankr. E.D.N.Y. 2011).

On August 17, 2012, Sound Surgical filed an objection to the Wertheim Motion [dkt item 23]; however, that objection was withdrawn on September 27 [dkt item 30].

3

On September 25, Wertheim filed an Affirmation in Support of his Motion, which states that Wertheim owns the residence with his wife. [12-71819-ast dkt item 27 at ¶ 4]. Further, Schedule A to the Wertheim petition indicates joint ownership of the Wertheim residence. [12-71819-ast dkt item 1]. The Wertheim Motion, the Affirmation in Support, and the petition do not indicate whether Wertheim and his wife own their principal residence as tenants by the entirety or by some other tenancy; however, where real property is acquired by spouses during marriage, a tenancy by the entirety is presumed under New York law absent an express declaration to the contrary. *See* N.Y. E.P.T.L. § 6-2.2(b) (McKinney 2012) ("A disposition of real property to a husband and wife creates in them a tenancy by the entirety, unless expressly declared to be a joint tenancy or a tenancy in common."); *see also Bucci v. Bucci*, 125 A.D.2d 286, 287, 508 N.Y.S.2d 573, 574 (N.Y. App. Div. 2d Dep't 1986). The Court has not been provided with an evidence of such an express declaration.

Wertheim does not provide a calculation of net equity, but asserts that "[b]ased on the liens and the Debtor's homestead exemption, the judicial lien of Anton Community Newspapers a/k/a Long Island Community Newspapers Inc. and Sound Surgical Technologies LLC, which were both recorded subsequent to the Wells Fargo liens, should be avoided since that judgment impairs the exemption to which the Debtor's is entitled pursuant to Section 522(f) of the Bankruptcy Code." Wertheim Motion at ¶ 13.

*Casalicchio Motion*

On August 27, 2012, Piero Casalicchio ("Casalicchio"), the debtor in the third above captioned case, filed a motion seeking entry of an order pursuant to § 522(f) to avoid the following judicial liens against his principal residence: Bruce Guarino and Jonathan D. Siegel entered on July 11, 2011 with a balance as of the filing date of $133,466.55; JPMorgan Chase

4

Bank, N.A. entered on April 3, 2012 with a balance as of the filing date of $62,221.02; M&T Bank entered on May 21, 2012 with a balance as of the filing date of $49,506.82; and Valley National Bank, as Successor in Interest to State Bank of Long Island entered on May 22, 2012 with a balance as of the filing date of $50,450.30 (the "Casalicchio Motion") [12-74991-ast, dkt item 9].

The Casalicchio Motion indicates that Casalicchio co-owns his residence as a tenant by the entirety with his non-filing spouse, that the residence has a fair market value of $1,160,000, that the residence is subject to a first mortgage with an outstanding balance of $308,488.20, as well as being encumbered by three New York State statutory tax liens with a combined balance of approximately $98,000. Casalicchio has asserted a $150,000 homestead exemption pursuant to N.Y. C.P.L.R. § 5206 as in effect when he filed his case in 2012. Casalicchio Motion at ¶ 5, 6, 11. The Casalicchio Motion states that there is no equity in his residence to which the judgment liens may attach using the following calculation:

| | | |
|---|---|---|
| (i) | value of Debtor's interest in the property | $580,000.00 |
| | minus | |
| (ii) | value of consensual or statutory liens on Debtor's property | - $406,090.22 |
| | minus | |
| (iii) | amount of exemption Debtor could claim if no liens on Homestead | - $150,000.00 |
| | Total Equity in Debtor's Property Available to Creditors | $23,909.78 |

Casalicchio Motion at ¶ 12 (emphasis removed).

**Discussion**

Section 522(f)(1)(A) of the Bankruptcy Code permits a debtor to avoid the fixing of a judicial lien "on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled," subject to certain protections for domestic support obligations that are not relevant here.  11 U.S.C. § 522(f)(1)(A) (2011); *In re Conte*, 2012 WL 1865423, at *2 (Bankr. E.D.N.Y. May 21, 2012); *Heaney*, 453 B.R. at 42.  All three debtors in the above captioned cases asserted the New York State exemptions.  Pursuant to § 5206 of New York's Civil Practice Law and Rules ("C.P.L.R."), a debtor may exempt a certain amount of the equity in his or her principal residence above the amount of consensual liens.  As noted above, in 2010, when Moltisanti filed his petition, the amount of equity that a debtor could exempt under C.P.L.R. § 5206 was $50,000.  *See* N.Y. C.P.L.R. § 5206 (McKinney 2010) (amended 2011).  In 2012, when Wertheim and Casalicchio filed their petitions, the homestead exemption under C.P.L.R. § 5206 for debtors living on Long Island was $150,000.  *See* N.Y. C.P.L.R. § 5206 (McKinney 2012).

Section 522(f)(2) defines when a "lien impairs an exemption to which the debtor would have been entitled."[1]  Under § 522(f)(1)(A) and (2), the debtor may avoid the fixing of a judicial lien unless there is sufficient equity in the residence to satisfy all consensual and non-avoidable

---

[1] Specifically, § 522(f) provides that:

> (2)(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of –
>   (i) the lien;
>   (ii) all other liens on the property; and
>   (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.
> (B) In the case of a property subject to more than 1 lien, a lien that has been avoided shall not be considered in making the calculation under subparagraph (A) with respect to other liens.
> (C) This paragraph shall not apply with respect to a judgment arising out of a mortgage foreclosure.

11 U.S.C. § 522(f)(2) (2011).

liens and to satisfy the full amount of the debtor's homestead exemption as set either in § 522(d)(1) or in applicable state law.

In *Heaney*, this Court set out the methodology to be utilized under § 522(f)(2) when, as in these cases, only one co-owner of property held by tenants by the entirety files bankruptcy and seeks to avoid judicial liens. *Heaney*, 453 B.R. at 48-49. As explained in *Heaney*, under New York law, each tenant by the entirety is seized of the whole property; therefore, when only one tenant by the entirety files a bankruptcy petition, the full fair market value of the principal residence as of the petition date must be considered in calculating whether the debtor may avoid one or more judicial liens. *See id.* at 47-48, citing *Levinson v. R&E Prop. Corp.*, 395 B.R. 554 (Bankr. E.D.N.Y. 2008); *see also* 11 U.S.C. § 522(a)(2); *In re Armenakis*, 406 B.R. 589, 617 (Bankr. S.D.N.Y. 2009). Accordingly, in these cases where only one tenant by the entirety has filed bankruptcy, the proper method for calculating equity for purposes of judicial lien avoidance under § 522(f)(1)(A) is as follows:

1. Use the full fair market value of the debtor's principal residence.

2. Subtract all mortgage liens and all other liens of record on the principal residence.

3. Apply the full amount of the debtor's homestead exemption as if there were no liens on the principal residence.

4. If there is any equity remaining in the principal residence after satisfying all other liens and the debtor's homestead exemption, the judicial lien may attach to that remaining equity.

5. Any judicial lien that can be avoided as set forth above is avoided according to state law priority, meaning that for debtors residing in New York, the judicial lien most recently recorded is avoided first and so on, until either all the judicial liens are avoided or until there is some equity to either partially or fully secure a judicial lien.

*See id.* at 48-49, citing *In re Napolitano*, 2009 WL 2905608, at *3 (Bankr. N.D.N.Y. July 1, 2009).

In each of the above captioned cases, the debtor failed to follow the methodology prescribed in *Heaney* for calculating net equity for purposes of avoiding judicial liens. Specifically, pursuant to § 522(f)(1)(A) and *Heaney*, 453 B.R. at 48-49, the proper calculation of net equity for the Moltisanti Motion is as follows:

| | |
|---|---:|
| Fair market value of residence | $600,000.00 |
| Less first mortgage of Wells Fargo Bank | - 527,029.12 |
| Remaining equity | 72,970.88 |
| Less homestead exemption (in effect in 2010) | -  50,000.00 |
| Net equity | 22,970.88 |

Although there is nearly $23,000 in net equity in the Moltisanti residence under this calculation, the Moltisanti Motion seeks to avoid more than $40,000 in judicial liens. Accordingly, any and all judicial liens that exceed the $22,970.88 in equity in the Moltisanti residence may be avoided under § 522(f)(1)(A) based upon the order in which the judicial liens were recorded in the county land records, with the most recently recorded judicial lien avoided first. *See Heaney*, 453 B.R. at 48-49; *Napolitano*, 2009 WL 2905608, at *3.

With respect to the Wertheim Motion, pursuant to § 522(f)(1)(A) and *Heaney*, 453 B.R. at 48-49, the proper calculation of net equity is as follows:

| | |
|---|---:|
| Fair market value of residence | $732,200.00 |
| Less first mortgage of Wells Fargo Bank | - 413,501.00 |
| Less home equity line of credit of Wells Fargo Bank | -  97,400.00 |
| Remaining equity | 221,299.00 |
| Less homestead exemption | - 150,000.00 |
| Net equity | 71,299.00 |

The Court notes that although the Wertheim Motion states that the judicial liens sought to be avoided "were both recorded subsequent to the Wells Fargo liens," it is clear from the face of the Wertheim Motion that Anton's judicial lien was docketed on July 3, 2007, prior in time to the docketing of both the Wells Fargo first mortgage and home equity line of credit lien on September 13, 2007. Wertheim Motion at ¶¶ 2, 3, 7. Therefore, it appears that under New York

8

law, Anton's judicial lien would have priority over Wells Fargo Bank's first mortgage and its home equity line of credit.  *See* N.Y. R.P.L. § 291 (McKinney 2012); *ABN AMRO Mortg. Group, Inc. v. Pantoja*, 91 A.D.3d 440, 936 N.Y.S.2d 163 (N.Y. App. Div. 1st Dept. 2012); *Hulbert v Hulbert*, 216 N.Y. 430, 440 (1916).  However, this Court need not address the order of priority of liens on the Wertheim residence because, as calculated above, Wertheim has sufficient net equity in his residence for both the Anton and Sound Surgical judicial liens to be unavaoidable.[2]

Finally, with respect to the Casalicchio Motion, pursuant to § 522(f)(1)(A) and *Heaney*, 453 B.R. at 48-49, the proper calculation of net equity is as follows:

| | |
|---|---:|
| Fair market value of residence | $1,160,000.00 |
| Less first mortgage of Wells Fargo Bank | -  308,488.20 |
| Less New York statutory tax lien entered June 24, 2010 | -   62,195.12 |
| Less New York statutory tax lien entered July 27, 2010 | -   15,997.80 |
| Less New York statutory tax lien entered Oct. 19, 2010 | -   19,409.01 |
| Remaining equity | 753,909.87 |
| Less homestead exemption | -  150,000.00 |
| Net equity | 603,909.87 |

---

[2] As this Court noted in *Heaney*, there is a split of authority on the issue of whether a judicial lien's priority under state law is relevant in determining whether a debtor may avoid said judicial lien under § 522(f). *See Heaney* 453 B.R. at 49 n.6. Section 522(f)(2) was added to the Bankruptcy Code in 1994 to define the method for calculating whether a lien "impairs" a debtor's homestead exemption, and the majority of cases decided post-1994 have disregarded state law priority in the "sandwich lien" scenario where a judicial lien is junior to a first mortgage lien but is senior to some other non-avoidable lien (such as a junior mortgage lien or tax lien). *See In re Brinley*, 403 F.3d 415, 421-22 (6th Cir. 2005); *In re Taras*, 131 Fed. Appx. 167, 170 (11th Cir. 2005); *In re Kolich*, 328 F.3d 406, 410 (8th Cir. 2003); *In re Charnock*, 318 B.R. 720, 724-28 (B.A.P. 9th Cir. 2004); *In re Smith*, 2006 WL 1467108, at *2-5 (Bankr. M.D. Ga. May 16, 2006); *but see In re Radcliffe*, 278 B.R. 426, 428 (Bankr. W.D. Ky. 2002); *In re Dolan*, 230 B.R. 642, 647 (Bankr. D. Conn.1999), *abrogated by In re Trahan*, 337 B.R. 448, 451 (Bankr. D. Conn. 2006); *In re Sweeting*, 151 B.R. 322, 324 (Bankr. W.D.N.Y. 1992); *In re Spearman*, 124 B.R. 620, 623 (E.D.N.Y. 1991). In addition, there is a difference of authority as to whether a debtor may use § 522(f) to avoid a judicial lien that has priority even over the first mortgage (i.e., the judicial lien attaches to after-acquired property). *Compare Farrey v. Sanderfoot*, 500 U.S. 291, 296-97 (holding that § 522(f) "permit[s] the avoidance of a lien only where the lien attached to the debtor's interest at some point after the debtor obtained the interest.") *with Owen v. Owen*, 500 U.S. 305, 312-14 (1991) (holding that § 522(f) permits a debtor to avoid a judicial lien that impairs the homestead exemption even though the judicial lien predates the time that the property became the debtor's homestead, and, so, would not have been subject to a homestead exemption under Florida law); *see also In re Wilding*, 475 F.3d 428, 431 (1st Cir. 2007) (holding that debtor may avoid the fixing of a judicial lien in part because debtor "had an interest in his house before the lien attached and the lien was a judicial lien."); *In re Allen*, 2010 WL 4687827, at *1 (Bankr. D. Conn. Nov. 10, 2010) (permitting the debtor to avoid a judicial lien that was senior in priority to the first mortgage to the extent that it impaired the debtor's state law homestead exemption without regard to priority); *In re Darden*, 2007 WL 1434898, at *6 n.10 (D. Neb. May 14, 2007) ("Lien priority is irrelevant to a determination of the avoidance issue"); *In re Smith*, 315 B.R. 636, 641 (Bankr. D. Mass. 2004). This Court does not need to resolve these issues in the present case because there is sufficient equity in the Wertheim residence to which all consensual and nonconsensual liens may attach.

Accordingly, there is sufficient net equity in the Casalicchio residence to which all judicial liens sought to be avoided by the Casalicchio Motion may attach.

## Conclusion

For the foregoing reasons, it is hereby

**ORDERED**, that the Moltisanti Motion is denied as to the judicial lien of Chase Bank USA NA, which was perfected on August 4, 2009 in the sum of $18,188.13 as there is sufficient equity in the Moltisanti residence to which this judicial lien may attach; and it is further

**ORDERED**, that the Moltisanti Motion is granted in part as to the judicial lien of Discover Bank perfected on November 2, 2009, and the Discover Bank lien is avoided pursuant to § 522(f)(1)(A) to the extent that it exceeds $4,782.75; and it is further

**ORDERED**, that the Moltisanti Motion is granted as to the judicial lien of HSBC Bank Nevada NA perfected on January 25, 2010 in the sum of $12,926.87 as there is no equity remaining in the Moltisanti residence to which this judicial lien may attach; and it is further

**ORDERED**, that within **fourteen (14) days** of the date of entry of this order, Moltisanti may submit a revised proposed form of order granting in part the relief sought in the Moltisanti Motion as set forth herein; and it is further

**ORDERED**, that the Wertheim Motion is denied in its entirety as there is sufficient equity in the Wertheim residence to which all judicial liens sought to be avoided by the Wertheim Motion attach; and it is further

**ORDERED**, that the Casalicchio Motion is denied in its entirety as there is sufficient equity in the Casalicchio residence to which all judicial liens sought to be avoided by the Casalicchio Motion attach.



Dated: October 24, 2012
       Central Islip, New York

                                                   **Alan S. Trust**
                                  **United States Bankruptcy Judge**